# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON MONROE, | ) |
| Plaintiff, | ) No. 10-1208 |
| V. | ) |
| CASEY MULLOOLEY, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this civil action, which was removed from state court, Plaintiff alleges that Defendants, a Westmoreland County Detention Center, its warden Walton, and its employee Mullooley, violated the United States Constitution and 42 U.S.C. § 1983, by subjecting him to unlawful seizure, excessive force, false imprisonment, deprivation of liberty interest, and due process. He also brings state law claims of false imprisonment, abuse of process, and intentional infliction of emotional distress. The alleged events stemmed from a series of events occurring during Plaintiff's detention at the Westmoreland County Detention Center, in which Mullooley punched Plaintiff in the face, and Plaintiff was mistreated by guards; Plaintiff was eventually charged with assault as a result of the altercation with Mullooley. The status and disposition of the charges are not stated in the Complaint.

Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Motion will be granted in part, without prejudice, and denied in part.

1

# OPINION

## I. APPLICABLE STANDARDS

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666. Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001). A plaintiff must "nudge [her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, U.S. , 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Therefore, a complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Under Rule 12(b)(6), the movant bears the burden of persuading the court that the plaintiff has failed to state a claim. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## II. DEFENDANTS' MOTION

### A. Westmoreland County Detention Center

First, I address Defendants' argument that the Westmoreland County Detention Center, which Plaintiff alleges is a county correctional facility, is not a proper party to the civil rights claims asserted in this action. Plaintiff's argument that the Detention Center lacks Eleventh Amendment immunity is beside the point, as "it is well established that jail facilities are not considered 'persons' for purposes of § 1983 liability." Williams v. Brown, No. 5-796, 2007 U.S. Dist. LEXIS 51475, at *6 (D.N.J. July 17, 2007). A County prison is "a sub-unit of defendant

Westmoreland County, not an independent legal entity, and as such, is not a proper party to [a Section 1983] lawsuit." Pennavaria v. Walton, 10-415, 2010 U.S. Dist. LEXIS 64929, at *9 (W.D. Pa. June 30, 2010). Thus, the Complaint will be dismissed as against the Detention Center.

### B. Defendant Walton

Next, I turn to Defendants' contention that Plaintiff's Complaint fails to state a claim against Defendant Walton, the warden of the facility. As Defendant correctly points out, there is no supervisory or agency liability under Section 1983. Instead, liability under Section 1983 may only be based upon a defendant's personal involvement in a constitutional violation. Mitchell v. Obenski, 134 Fed. Appx. 548, 552 (3d Cir. 2005). Plaintiff's Complaint contains no averments regarding Defendant Walton's personal involvement in the wrongs allegedly committed. As a result, the Complaint against him must be dismissed.[1]

### C.  Count II - Fourth Amendment Unlawful Seizure
### Count III - Fourth Amendment False Imprisonment
### Count IV - Due Process Liberty Interest

Next, I address Defendants' challenge to Counts II, III, and IV of the Complaint.[2] In Count II, Plaintiff contends that Defendants violated the Constitution by arresting and imprisoning him without probable cause, and Mullooley's making of a false affidavit of probable cause. Defendants argue, however, that because Mullooley neither filed the charges against Plaintiff nor placed him under arrest, personal involvement is lacking, and the claim cannot stand. Similarly, "to the extent that plaintiff alleges that defendant [], a state official, gave false

---

[1] As a result, for the remainder of the Opinion, when addressing Defendants' arguments relating to both Walton and Mullooley, I address only the latter.
[2] False arrest and imprisonment under the Fourth Amendment overlap, and are supported by the same facts. See, e.g., Simpson v. Owner of Dollar Tree Store, No. 9-6162, 2011 U.S. Dist. LEXIS 5379, at **15-16 (E.D. Pa. Jan. 19, 2011).

information to the police for the purpose of depriving plaintiff of his freedom, then he may state a claim of action under § 1983." Strohl v. Litchko, No. 86-4577, 1986 U.S. Dist. LEXIS 16087, at *2 (E.D. Pa. Dec. 23, 1986) (citing Jennings v. Shuman, 567 F.2d 1213, 1220 (3d Cir. 1977)); see also Yeksigian v. Nappi, 900 F.2d 101, 102-03 (7th Cir. 1990).

Such actions, such as for false arrest and imprisonment, implicate the Fourth Amendment and due process liberty interests. White v. Thompson, 299 F. Appx. 930, 932 (11th Cir. 2008); Walker v. New York City Police Dep't, No. 94-3608, 1996 U.S. Dist. LEXIS 22608 (E.D.N.Y. June 24, 1996). Plaintiff's Complaint alleges that Mullooley knowingly, deliberately, and recklessly made false statements or omissions within the affidavit, that those statements were material to the finding of probable cause, and that he was arrested without probable cause. At this stage in the proceedings and under applicable standards, Counts II, III, and IV state a claim against Mullooley for violations of the Fourth Amendment and due process.

### D. Count V - Due Process

Next, I reach Defendants' contention that Plaintiff cannot state a claim for due process based on lack of access to a grievance procedure, because no such constitutional right exists. As our Court of Appeals has stated, the "alleged obstruction of prison grievance procedures does not give rise to an independent claim. Prisoners do not have a constitutional right to prison grievance procedures." Heleva v. Kramer, 214 Fed, Appx. 244, 247 (3d Cir. 2007).

> Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. This is because inmates do not have a constitutionally protected right to a grievance procedure. Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights.

Hall v. Contracted Health Servs., No. 8-747, 2009 U.S. Dist. LEXIS 9594, at **6-7 (D. Del. Feb. 10, 2009).

4

Plaintiff's Complaint fails to state a claim on grounds that failure to provide a grievance form upon request violated his rights to due process, and Count V must be dismissed.[3]

### E. Count VI - State Law False Arrest and Imprisonment

Next, Defendants contend that because Mullooley is not alleged to have arrested or imprisoned Plaintiff, and a non-party officer filed the criminal charges, Mullooley cannot be liable for false arrest or imprisonment. The elements of false arrest/false imprisonment are "(1) the detention of another person, and (2) the unlawfulness of such detention." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (1994). Neither party addresses the possibility, suggested by Pennsylvania law, that an actor might be liable for this tort if "his act directly or indirectly results in such a confinement of the other." Gavigan v. Southland Corp., No. 97-2807, 1998 U.S. Dist. LEXIS 2446, at *8 (E.D. Pa. Feb. 24, 1998) (quoting Restatement (Second) Torts §35). Although I do not now definitively hold that this possibility cements Plaintiff's claim, nor am I willing to dismiss Count VI at this juncture.

### F. Count VIII - Intentional Infliction of Emotional Distress

Defendants contend that Mullooley's alleged conduct is insufficiently outrageous to state a claim for intentional infliction of emotional distress. Although it is unsettled whether Pennsylvania recognizes the tort of intentional infliction of emotional distress, it is generally assumed that the tort requires proof of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997).

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with

---

[3] I note that Plaintiff does not aver that Defendants' action in withholding the grievance process was retaliatory, or that the parties conspired against him in any way.

5

> an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Restatement (Second) of Torts § 46 comment d. (1965).

Plaintiff's Complaint alleges that Mullooley supplied authorities with false information about him. Supplying false information in this manner is not so outrageous as to support a claim for intentional infliction of emotional distress. McClain v. Munn, No. 6-278, 2008 U.S. Dist. LEXIS 28985, at **14-16 (W.D. Pa. Apr. 9, 2008). Plaintiff also alleges, however, that without physical provocation, Mullooley struck Plaintiff with sufficient force to render him unconscious. Plaintiff was both naked and in custody at the time; Mullooley was a correctional facility employee. Typically, a single punch would be unlikely to rise to the level of outrageousness required by this tort.[4] Under the present circumstances, however, and at this early juncture in the proceedings, I am unprepared to dismiss the claim.

### G. Allegations Unrelated to Mullooley

Finally, Defendants move to dismiss -- essentially, to strike -- several allegations relating to non-parties and events not directly involving Mullooley. Plaintiff is entitled to include appropriate surrounding and background facts in his Complaint, and I decline to grant the Motion to that extent.

---

[4] See Clark v. Edgar, 2007 U.S. Dist. LEXIS 64643 (Plaintiff did not state claim for intentional infliction of emotional distress when struck and rendered unconscious during course of arrest, even assuming excessive force).

## CONCLUSION

In sum, Defendants; Motion will be granted to the extent that the Complaint will be dismissed against Walton and the Westmoreland County Detention Center, and Count V of the Complaint is dismissed. Plaintiff will be afforded an opportunity to file an amended complaint in an attempt to cure the deficiencies enumerated herein.

## ORDER OF COURT

AND NOW, this 3rd day of February, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss (Docket No. [4]) is hereby GRANTED in part and DENIED in part, as fully set forth in the foregoing Opinion. This Order is without prejudice to Plaintiff to file an amended complaint, within ten (10) days from the date of this Order.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court