IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AARON MONROE, | ) | |
|---|---|---|
| | ) | No. 10-1208 (DWA) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CASEY MULLOOLY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

In this civil action, Plaintiff brings claims of intentional infliction of emotional distress, and excessive force in violation of the Eighth Amendment and 42 U.S.C. § 1983. The claims stem from a series of events occurring during Plaintiff's detention at the Westmoreland County Detention Center, in which Defendant allegedly punched Plaintiff. Defendant has moved for partial summary judgment, based on Plaintiff's previous plea of guilty to simple assault during the events that form the basis of the Complaint.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment

1

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"[S]ummary judgment may be granted in a civil proceeding based upon a guilty plea in a criminal case if the operative facts in the criminal case are identical to those that would be litigated in a civil case." M.B. v. City of Philadelphia, 128 Fed. Appx. 217, 226 (3d Cir. Pa. 2005). To constitute intentional infliction of emotional distress, the alleged conduct "must be 'extreme and outrageous' and must 'intentionally or recklessly' cause another person 'severe emotional distress.'" Landmesser v. United Air Lines, Inc., 102 F. Supp. 2d 273, 281 (E.D. Pa. 2000). As regards an Eighth Amendment claim for excessive force, the inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Barnes v. Hudson County Sheriff Dep't, No. 4-6338, 2008 U.S. Dist. LEXIS 62159, at *11 (D.N.J. Aug. 11, 2008). At issue here is whether Defendant's conduct was sufficiently outrageous or unreasonable, under the circumstances.

Defendant's conduct might still support liability, even if Plaintiff in fact committed the acts stated in the Information filed against him -- i.e., "intentionally, knowingly, or recklessly…[struck Defendant] in the face with his shoulder or elbow, causing injury to the left side of [Defendant's] face and then fought with [Defendant] and support people until subdued."[1] That Plaintiff committed the acts to which he pleaded guilty has no impact on his ability to recover for intentional infliction of emotional distress or the use of excessive force. While the guilty plea potentially establishes that Defendant was justified in using some force, it does not conclude the question of whether the force used was excessive. See Nelson v. Jashurek, 109

---

[1] Plaintiff proffers that he did not admit to any specific facts supporting guilt, just that he committed simple assault; his counsel stipulated that there was a factual basis to support the charge.

2

F.3d 142, 145-46 (3d Cir. 1997). Similarly, it does not conclusively establish that Defendant's conduct was not sufficiently outrageous to rise to the level of intentional infliction of emotional distress.

While the guilty plea might prove to have some preclusive or estoppel effect in this case, that is an issue to be decided <u>in limine</u>, at a later stage in the proceeding. Partial summary judgment is not warranted. Accordingly, Defendant's Motion (Docket No. 25) is DENIED.

AND NOW, this 21st day of November, 2011, IT IS SO ORDERED.

BY THE COURT:


/s/<u>Donetta W. Ambrose</u>
   Senior U.S. District Judge