IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AARON MONROE,                    )
                    Plaintiff,          )
                                     )          Civil Action No. 10-1208
          v.                          )
                                     )          Chief Magistrate Judge Lenihan
CASEY MULLOOLEY,               )
                    Defendant.       )          Re: ECF No. 36

**MEMORANDUM OPINION**

Presently before the court is the Motion Limine Concerning Plaintiff's Testimony

filed by Defendant Casey Mullooley. For the reasons that follow, the Defendant's motion

will be granted.

BACKGROUND

Plaintiff Aaron Monroe's civil action against Defendant Officer Casey Mullooley

brings claims of intentional infliction of emotional distress and excessive force in

violation of Eighth Amendment protections against cruel and unusual punishment

pursuant to 42 U.S.C. §1983. Monroe's original complaint, arising from alleged

mistreatment while incarcerated at Westmoreland County Detention Center, contained

seven claims against three defendants, Westmoreland County Detention Center,

Warden John Walton and Officer Casey Mullooley. (ECF No. 1-8). Defendants removed

the case to the Federal District Court for the Western District of Pennsylvania (ECF No.

1) and filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

(ECF No. 4).  District Judge Ambrose granted this motion in part, dismissing all but the

two remaining claims against Officer Mullooley. (ECF No. 13).  Defendant Mullooley

filed a subsequent motion for summary judgment on the remaining claims. (ECF No.

1

25). After this motion was denied (ECF No. 32), consent was granted to proceed before

a Magistrate Judge (ECF No. 34). The case is currently before the undersigned where

Mullooley has filed a motion in limine to exclude certain testimony from Monroe from

use at trial (ECF No. 36).


FACTS

      On June 27, 2008, Plaintiff Aaron Monroe appeared in the Court of Common

Pleas of Westmoreland County, Pennsylvania before Judge Richard E. McCormick, Jr.

for the purpose of entering a guilty plea to various criminal charges unrelated to this

case. (ECF No. 26-1). Judge McCormick refused to accept a plea from Monroe because

he appeared to be "under the influence [of drugs]." (ECF No. 26-1). Monroe denied this

when asked at the hearing, but has admitted to prior use of multiple drugs since. (ECF

No. 26-6, ¶ 7-8). Monroe was then taken to Westmoreland County Detention Center to

await another plea hearing. Mr. Mullooley and another officer were in charge of booking

when Monroe arrived. An altercation occurred during booking, the details of which are

disputed between the parties. Following the confrontation, Monroe was charged with

one 2nd degree felony count of Aggravated Assault and one 2nd degree misdemeanor

count of Simple Assault. Regarding the simple assault charge, the criminal information

reads:

      The Actor intentionally, knowingly or recklessly caused or attempted to cause
      bodily injury to Casey Mulooley[sic], Corrections Officer, Westmoreland County
      Prison, that is to say, the actor did strike the victim in the face with his shoulder
      or elbow, causing injury  to the left side of the victim's face and then fought with
      the victim and support until subdued.

 (ECF No. 26-3)

On January 10, 2011, Monroe, voluntarily and while under oath, pleaded guilty to the simple assault charge as stated. (ECF No. 26-5). The Aggravated assault charge was dropped and Monroe was sentenced to 12 months probation. (ECF No. 26-4).

Monroe now alleges in his complaint that he was assaulted by Officer Mullooley and further denies the facts established by his guilty plea. (ECF No. 1-8). He admittedly loses consciousness after the allegedly unprovoked assault, which is his final recollection of the incidents resulting in his assault charge and this civil suit. (ECF No. 1-8, ¶ 20).

ANALYSIS

Guilty Plea

Defendant argues in support of his Motion in Limine that Monroe is collaterally estopped from testifying to any facts that conflict with those established by his guilty plea. The Full Faith and Credit Act states that:

> [t]he records and judicial proceedings of any court of any such State, Territory or Possession…shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. §1738. In other words, it requires "federal courts to give the same preclusive effect to a state-court judgment as would the courts of the State rendering the judgment." *Minnick v. City of Duquesne*, 65 F. App'x 417, 420 (3d Cir. 2003) (quoting *McDonald v. City of West Branch,* 466 U.S. 284, 287 (1984)). "The federal court, in determining the collateral estoppel effect of a state court proceeding, should apply the law of the state where the criminal proceeding took place…." *Grier v.* Scorpine, No. 04-

1888, 2008 WL 655865, at *5 n.1 (W.D. Pa. 2008) (quoting *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986)).

Pennsylvania law views a conviction from a guilty plea as equivalent to a conviction from a trial-by-jury "because a guilty plea constitutes an admission to all facts alleged in the indictment." *M.B. ex rel. T.B. v. City of Philadelphia*, 128 F. App'x. 217, 226 (3d Cir. 2005) (citing *Commonwealth Dep't of Transp. v. Mitchell*, 535 A.2d 581, 585 (Pa. 1987). Defendant Monroe's guilty plea is, necessarily, an admission to each of the following:

1. intentionally, knowingly or recklessly caused or attempted to cause bodily injury to Casey Mullooley, Corrections Officer, Westmoreland County Prison, that is to say, the actor

2. struck  Officer Mullooley in the face with his shoulder or elbow,

3. caused injury to the left side of the Officer Mullooley's face, and

4. fought with Officer Mullooley and his support until he was subdued.

In Pennsylvania each of these facts, by virtue of Monroe's guilty plea, is established and accepted as if determined by a jury. "Operative facts necessary for criminal convictions are admissible as conclusive facts in civil suits arising from the same events and circumstances." *DiJoseph v. Vuotto*, 968 F.Supp. 244, 247 (E.D.Pa. 1997) (citing *Folino v. Young*, 568 A.2d 171, 172 (Pa. 1990)). In Pennsylvania, "it is well established that a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial." *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996). Therefore under Pennsylvania law, the above facts established by the record in Monroe's guilty plea and assault conviction are conclusive and may not be disputed.

4

Monroe argues that his testimony should be admitted because it was not necessary to establish if Mullooley was the aggressor in the altercation, therefore reasonable doubt exists as to what facts were established by his guilty plea. His argument relies heavily on *Linnen v. Armainis*, 991 F.2d 1102 (3d Cir. 1993). Linnen pleaded guilty to multiple criminal charges, including drug possession, and later brought a §1983 claim alleging Fourth Amendment violations for illegal search and seizure against several police officers that were involved in his criminal case. *Id.* at 1104. The case reached the Third Circuit on appeal after a district court concluded that Linnen's guilty plea precluded his claim challenging the legality of the underlying search and seizure and granted summary judgment. *Id.* at 1103. The *Linnen* court acknowledged that "under Pennsylvania law, a guilty plea constitutes an admission to all facts alleged in the indictment." *Id.* at 1105 (citing Mitchell, 535 A.2d at 585).The court also determined, however, that nothing in the criminal information indicated that Linnen's plea admited to the legality of the search, nor was it a necessary determination to support the charges he pled guilty to. *Id.* at 1105-6. *Linnen* and the Supreme Court authority it relies on, *Haring v. Prosise*, 462 U.S. 306 (1983), both address this identical issue and hold that a defendant's guilt on possession charges is "simply irrelevant to the legality of the search under the fourth amendment or [his] right to compensation from state officials under §1983." *Id.* at 1105 (citing *Haring*, 462 U.S. at 316). Both cases turn on these specific facts which distinguish them from the present case and issue, which concerns facts established by the criminal information and which were explicitly admitted by virtue of Monroe's guilty plea. Reasonable doubt need only be applied when determinations are not necessary to the judgment.

After *Linnen*, the Supreme Court decided another §1983 case, *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court in *Heck* held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

*Id.* 486-87. The Supreme Court's broad holding in Heck, now recognized as the "favorable termination rule," limits the Third Circuit's opinion in *Linnen*. *M.B. ex rel. T.B.*, 128 F. App'x at 227 n.10 (3d Cir. 2005). Though *Heck* might not preclude similar illegal search and seizure claims to that in *Linnen*,  it strictly limits the *Linnen* court's discussion of §1983 claims.   If Plaintiff were to succeed in this civil rights case, it would render invalid his prior criminal conviction, specifically precluded by *Heck* as it would call into question Plaintiff's conviction for the assault for the same incident. *See*, *Feliz v. Kintock Grp.*, 297 F. App'x 131, 136 (3d Cir. 2008).

<u>Events Subsequent to Monroe's Loss of Consciousness</u>

Defendant additionally argues that FED.R.EVID. 602 should preclude testimony regarding anything that occurred after Monroe states that he was struck by Officer Mullooley. Monroe stipulates to losing consciousness after this punch both in his complaint (ECF No. 1-8, ¶. 18) and his deposition (ECF No. 26-6, pp. 52, 53). FED.R.EVID. 602 requires sufficient evidence to support a finding of personal knowledge on a matter before a witness may testify to it. Plaintiff's Brief in Opposition does not address this portion of the motion. (ECF No. 38). The request will be granted and Plaintiff is precluded from testifying to anything that occurred while he was unconscious.

<u>CONCLUSION</u>

For the reasons discussed above, Plaintiff is collaterally estopped from testifying in contradiction to the criminal information established by his guilty plea to simple assault. Plaintiff is also precluded from testifying as to anything that occurred after he was struck by Officer Mullooley. Defendant's Motion in Limine is granted. An Order consistent with this Opinion will be entered.

Dated: September 14, 2012

_____
Lisa Pupo Lenihan
United States Magistrate Judge